# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

In the matter of: )
) Adversary Proceeding
MARIA SUSY MASSETTI )
(Chapter 13 Case Number 04-42935) ) Number 04-04111
)
*Debtor* )
)
)
)
MARIA SUSY MASSETTI )
)
*Plaintiff* )
)
)
v. )
)
GEORGIA DEPARTMENT )
OF REVENUE )
)
*Defendant* )

FILED
at 12 O'clock & 50 min A M
Date 11/23/04
MICHAEL F. McHUGH, CLERK
United States Bankruptcy Court
Savannah, Georgia

## MEMORANDUM AND ORDER

Debtor filed for individual Chapter 13 protection on September 27, 2004. On October 29, 2004, Debtor filed an adversary proceeding against the Georgia Department of Revenue ("Defendant") seeking injunctive relief to stay the suspension of a non-debtor's liquor license. After a brief hearing on November 1, 2004, the Court entered a Temporary Restraining Order conditioned upon the Debtor's tendering $5,000.00 to the Defendant to reduce an outstanding tax liability of a non-debtor corporation. Before the Court today is the matter of whether to issue a preliminary injunction pending final trial in the case.



AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

Debtor owns a 51% interest in Auxilia's Dream, LLC ("Auxilia's Dream") and is employed by Auxilia's Dream as the manager of its restaurant, Massetti's. Yoshi Downtown, an unrelated corporation, owns the premises of the restaurant, the equipment, and the inventory. Massetti's sells alcoholic beverages under a license issued by the State of Georgia to an individual named Wayco E. Yarber, an employee of the restaurant who has permitted the restaurant to use his license. Massetti's/Auxilia's Dream has failed to remit all sales taxes on a timely basis, and the Defendant initiated an enforcement action to suspend Mr. Yarber's alcoholic beverage license. At the time the enforcement action began, Auxilia's Dream owed sales taxes in the amount of approximately $12,000.00 based on returns filed. This amount was reduced by the $5,000.00 payment Debtor made on behalf of the corporation. Since the enforcement action commenced, approximately $2,053.00 came due in August, $2,200.00 came due in September, and $2,600.00 came due in October.

On October 7, 2004, an administrative hearing was held regarding the corporation's failure to pay taxes. Apparently, because of an error the Debtor made in calendering the date of the Revenue Department hearing, neither the Debtor, Mr. Yarber nor any other representative of Auxilia's Dream appeared at the hearing. On October 13, 2004, the administrative officer issued an Executive Order assessing administrative penalties and suspending Mr. Yarber's alcoholic beverage license contingent upon the failure to pay the taxes and penalties within a prescribed time period. This Court issued the

temporary injunction to stay the suspension of Mr. Yarber's alcoholic beverage license.

## CONCLUSIONS OF LAW

Debtor argues that this Court should enjoin the license suspension pursuant to 11 U.S.C. § 105 which empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Before the Court can address the substantive questions concerning the injunctive relief, it must first address the threshold issue of jurisdiction.

Debtor contends that this Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) which provides, "the district courts shall have original jurisdiction but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Debtor concedes that this Court does not have "arising under" or "arising in" jurisdiction over this matter; however, Debtor argues that this Court has "related to" jurisdiction.

In Miller v. Kemira, Inc.,(In re Lemco Gypsum, Inc.), 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit adopted the test for "related to" jurisdiction enunciated in Pacor v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984). The test laid down in Pacor and adopted by this Circuit is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. Further, in "related to" jurisdiction, it is not necessary that the proceeding be against the debtor or the debtor's

property. Pacor, 743 F.2d at 994. The key word in the test is "conceivably," which makes the related to jurisdictional grant very broad. Cont'l Nat'l Bank v. Sanchez, (In re Toledo), 170 F.3d 1340, 1345 (11th Cir. 1999)(citing In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 264 (3rd Cir. 1991)).

Defendant asserts that despite the breadth of "related to" jurisdiction, this Court does not have jurisdiction to decide this matter. In support, Defendant cites the Eleventh Circuit decision in United States v. Huckabee Auto Co., 783 F.2d 1546 (11th Cir. 1986). In Huckabee, the corporate debtor was operating under a confirmed Chapter 11 plan of reorganization which provided for payment of a claim to the Internal Revenue Service ("IRS"). The corporate debtor was making timely payments under the plan, but the IRS assessed a penalty against the individual corporate officers of the debtor corporation. The bankruptcy court found that it would adversely affect the corporate reorganization if the individuals were forced to pay the penalties, and the court enjoined the IRS action against the individuals. The district court reversed the bankruptcy court decision, and the Eleventh Circuit affirmed. The Eleventh Circuit held:

> The jurisdiction of the bankruptcy courts encompasses determinations of the tax liabilities of debtors who file petitions for relief under the bankruptcy laws. It does not, however, extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code. It is therefore irrelevant that the penalty, if assessed, will adversely affect the corporate debtor's reorganization. Accordingly, we conclude that the separate tax liabilities of the [corporate officers] were outside the scope of the bankruptcy court's jurisdiction. Id. at 1549.

✎AO 72A
(Rev. 8/82)

4

Debtor attempts to distinguish Huckabee on the grounds that the action in Huckabee was against an individual and the corporation was in bankruptcy while the action in the case at bar is against a corporation and the individual is in bankruptcy. Debtor further argues that the material difference is that while the IRS was able to collect against the non-debtor officers in Huckabee, the Defendant has no hope of collection from Auxilia's Dream. These distinctions are unpersuasive. Although the facts in the case at bar are not identical, the issue remains the same. The Revenue Department is seeking to collect a tax obligation from a party that is not in bankruptcy, and the party in bankruptcy is requesting that the court protect the non-debtor party. The import of the decision is clear. The bankruptcy court does not have the jurisdiction to enjoin the government from assessing a penalty against a non-debtor even if the penalty will have a detrimental impact on the debtor's reorganization.

The Fifth Circuit had occasion to address this issue in IRS v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.), 316 F.3d 542 (5th Cir. 2002). In Prescription Home Health Care, the corporate debtor owed the IRS approximately $600,000.00 in unpaid taxes. The president and sole owner was liable for the unpaid taxes as a "responsible person" under 26 U.S.C. § 6672. The bankruptcy court enjoined the IRS from pursuing the president of the corporation because of the impact it would have on the corporate debtor's reorganization. The district court affirmed the bankruptcy court opinion.

%AO 72A
(Rev. 8/82)

5

On appeal, the corporate debtor maintained that the bankruptcy court had "related to" jurisdiction and properly issued the injunction; however, the Fifth Circuit found the bankruptcy court exceeded its jurisdiction. In doing so, the appellate court examined the relationship between "related to" jurisdiction and the power of the bankruptcy courts to determine tax issues. The court wrote, "[n]otwithstanding the broad nature of the 'related to' jurisdiction, Congress, cognizant of the Government's need to assess and collect taxes with minimal interference, has limited the jurisdiction of the courts to review tax matters." Id. at 547. The court pointed to 11 U.S.C. § 505(a)(1) which provides that the bankruptcy court may determine the amount or legality of any tax, fine, or penalty relating to a tax. This provision has been interpreted to grant jurisdiction to the bankruptcy courts to determine the tax liabilities of only the debtor and the estate. *See, e.g.*, Brandt-Airflex Corp. v. Long Island Trust Co.,(In re Brandt-Airflex Corp.), 843 F.2d 90, 96 (2nd Cir. 1988). Furthermore, Sections 505(b) and (c) also limit the bankruptcy court's power to determine tax liability to matters concerning the debtor and the estate. Specifically, Section 505(b) provides that the trustee "may request a determination of any unpaid liability *of the estate*...," and Section 505(c) provides, "after determination by the court of a tax under this section, the governmental unit charged with responsibility for collection of such tax may assess such tax against *the estate, the debtor, or a successor to the debtor . . . .*" (emphasis added).

The Fifth Circuit pointed to the principle of statutory interpretation that a more specific statute will control over a general one. Prescription Home Health Care, 316

F.3d at 548. It held that the general "related to" jurisdictional grant of 28 U.S.C. § 1334(b) does not circumvent the specific grant of jurisdiction to the bankruptcy courts to determine tax liabilities under Section 505. Additionally, if this Court were to adopt Debtor's argument and find it has "related to" jurisdiction, applying the same rationale, this Court would be able to determine all tax matters that could conceivably effect a debtor's estate. As the Fifth Circuit noted, this would make the Section 505 jurisdictional restriction superfluous. Id.

Debtor argues that since the Huckabee decision, this Court has held that Section 105 empowers the courts to enjoin actions against non-debtor third parties. *See* Brancato v. Trust Co. of Ga. Bank, (In re Pestritto),108 B.R. 850 (Bankr. S.D. Ga. 1989)(Davis, J.). Debtor also points to a number of other cases that have held that the bankruptcy court has the power to enjoin actions against non-debtor third parties. However, the cases on which the Debtor relies do not concern the tax liabilities of a third party. *See, e.g.,* Brancato, 108 B.R. at 852-53 (although not allowing the injunction, noting it is possible in the case of a foreclosure against residential real property); In re Monroe Well Serv., Inc., 67 B.R. 746 (Bankr. E.D.Pa. 1986)(ordering injunction against private creditors restraining them from enforcing liens against non-debtor third parties); Lahman Mfg. Co. v. First Nat'l Bank of Aberdeen (In re Lahman Mfg. Co.), 33 B.R. 681 (Bankr. D.S.D. 1983)(ordering injunction against bank prohibiting it from proceeding against shareholders and officers of debtor corporation). It is because the liability is a tax liability that this Court does not have jurisdiction over this matter. *See* Prescription Home Health Care, 316 F.3d

at 549 (distinguishing the broad powers under Section 105 in tax and non-tax cases).

Although the Court is aware of the potential impact this decision may have on the Debtor and her reorganization, it is bound by the Eleventh Circuit precedent in <u>Huckabee</u> and further persuaded by the Fifth Circuit decision in <u>Prescription Home Health Care</u>. Pursuant to the foregoing discussion, this Court determines it does not have the jurisdiction to enter an injunction against the Georgia Department of Revenue in its proceedings against the non-debtor corporation Auxilia's Dream.

## ORDER

As this Court does not have jurisdiction to grant relief to Debtor, the Application for a Preliminary Injunction is DENIED. Because this decision rests on a determination that this Court lacks jurisdiction over the subject matter, I will also dismiss the complaint, after the expiration of any appeal time, unless Debtor shows an independent claim for relief in the complaint over which a Bankruptcy Court may exercise jurisdiction.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 22nd day of November, 2004.

C:  ~~Debtor~~
~~Debtor Atty~~
Plaintiff  Massetti
Plf Atty   David
           Ga Dept Rev.
~~Defendant~~
~~Def Atty~~  Banks
Trustee    Brown
           11/23/04
           ac